WEIMER, J.,
concurring in part and dissenting in part.
| ,This case involves two issues: (1) whether the arbitration award at issue in this case, which was not confirmed in accordance with La. R.S. 9:4209, can have preclusive effect in a subsequent proceeding; and (2) whether that unconfirmed arbitration award is entitled to preclusive effect as to a subsequent petition for damages and/or a motion for contempt.
As to the first issue, I respectfully disagree with the majority’s conclusion that the award at issue cannot be accorded preclusive effect. There are two facts that I find to be dispositive in this regard. First, the matter was submitted to arbitration because the parties entered into a “Uniform Submission Agreement,” in which they agreed to be bound by the decision of the arbitrators. This submission[1] or contractual agreement to be bound by the decision of the arbitrators, is effectively a compromise, or “a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship.” La. C.C. art. 3071. A compromise is entitled to preclu-sive effect in a subsequent action between the same parties. La. C.C. art. 3080 (“A compromise precludes the | parties from bringing a subsequent action based upon the matter that was compromised.”).
Second, following the decision of the arbitrators, the defendant tendered, and the plaintiff accepted, the $150,000 awarded in the arbitration proceeding. Under the law, confirmation of an arbitration award is not mandatory; rather, confirmation is necessary only for purposes of execution. La. C.C. art. 3129 (“The award in order to be put in execution, ought to be approved by the judge; but this formality is only intended to invest the award with a sufficient authority to ensure its execution ...”). In this case, because the plaintiff accepted the proceeds of the award, there was no reason for a confirmation proceeding. The plaintiff, by agreeing to the arbitration and accepting the benefits of same, effectively compromised the claim, and that compromise can, and should be, accorded preclusive effect in this proceeding.
While I disagree with the majority’s conclusion that the arbitration award cannot have preclusive effect with respect to the petition for damages filed in district court, I do agree that the award does not have *901 preclusive effect as to the separate motion for contempt.
A contempt proceeding is not directly designed for the benefit of one or more of the litigants; rather, its object and purpose is to vindicate the authority and maintain the dignity of the court itself. Billiot v. Billiot, 01-1298, pp. 8-9 (La.1/25/02), 805 So.2d 1170, 1176, citing State ex rel. Duffy & Behan v. Civil Dist. Ct. for Parish of Orleans, 112 La. 182, 36 So. 315 (1904). Therefore, I do not believe the parties, by arbitration, can deprive a court of its authority to enforce its own orders and to punish for the violation thereof through contempt proceedings. The violation of a court order is a matter between the court and the party in violation |sof that order. It is not a matter between the parties and, thus, not a matter that falls under the agreement to arbitrate.
With the foregoing being said, while I believe the motion for contempt remains viable in this case, I also believe the district court is limited to the remedies afforded in La. R.S. 13:4611 in punishing that contempt. The order issued by the district court was not an injunction; therefore, the penalties imposed under La. C.C.P. art. 3611 are not available.

. A submission is defined by La. C.C. art. 3099 as "a covenant by which persons who have a lawsuit or difference with one another, name arbitrators to decide the matter and bind themselves reciprocally to perform what shall be arbitrated.” A submission, therefore, has all the characteristics of a compromise.